April Hollingsworth (Bar No. 9391)
Katie Panzer (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE**
1881 South 1100 East
Salt Lake City, Utah 84105
Tel: (801) 415-9909
Facsimile: (801) 303-7324
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com

Sally J. Abrahamson*
**WERMAN SALAS P.C.**
335 18th Pl. NE
Washington D.C. 20002
Tel: (202) 830-2016
Facsimile: (312) 419-1025
sabrahamson@flsalaw.com

*Pro hac vice motion to be filed.*

*Attorneys for Plaintiffs and
the Proposed Collective*

*Additional Counsel on Signature Page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **AUSTIN HAWTHORNE, ROSS MITCHELL, ZACHARY FOTIS, BRAYDEN CAMPBELL, JOSH BAUMAN, SHAWN PEPPER, JOE CULLAR, JAKE MOSS, and MADELINE CELL, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**PODIUM CORPORATION, INC.,**<br><br>Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>**(JURY DEMANDED)**<br><br>Civil Action No. 2:24-cv-196<br><br>Judge: |

# COLLECTIVE ACTION COMPLAINT

Austin Hawthorne, Ross Mitchell, Zachary Fotis, Brayden Campbell, Josh Bauman, Shawn Pepper, Joe Cullar, Jake Moss, and Madeline Cell (collectively, "Plaintiffs") file this Collective Action Complaint ("Complaint") against Podium Corporation, Inc. ("Defendant" or "Podium") seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## Nature of this Lawsuit

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated workers who worked as Sales Development Representatives ("SDRs") for Defendant pursuant to the FLSA.

2. Podium employs SDRs to sell its cloud-based software. Plaintiffs allege that Podium did not pay SDRs overtime premiums for hours worked over 40 in a workweek.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former SDRs who worked for Podium and who elect to opt in to this action pursuant to the FLSA and, specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime wages.

## The Parties

*Plaintiffs*

### Austin Hawthorne

4. Austin Hawthorne is a resident of California.

5. Hawthorne was employed by Podium in California from approximately April 2022 through September 2022 as a Sales Development Representative.

6. Hawthorne alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Hawthorne worked more than 40 hours in a workweek.

7. At all relevant times, Hawthorne was a covered employee within the meaning of the FLSA.

8. A written consent form for Hawthorne is attached as Exhibit A.

**Ross Mitchell**

9. Ross Mitchell is a resident of Utah.

10. Mitchell was employed by Podium in Utah from approximately September 2022 through February 2023 as a Sales Development Representative.

11. Mitchell alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Mitchell worked more than 40 hours in a workweek.

12. At all relevant times, Mitchell was a covered employee within the meaning of the FLSA.

13. A written consent form for Mitchell is attached as Exhibit A.

**Zachary Fotis**

14. Zachary Fotis is a resident of Illinois.

15. Fotis was employed by Podium in Illinois from approximately June 2022 through October 2022 as a Sales Development Representative.

16. Fotis alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Fotis worked more than 40 hours in a workweek.

17. At all relevant times, Fotis was a covered employee within the meaning of the FLSA.

18. A written consent form for Fotis is attached as Exhibit A.

**Brayden Campbell**

19. Brayden Campbell is a resident of Utah.

20. Campbell was employed by Podium in Utah from approximately January 2022 through July 2022 as a Sales Development Representative.

21. Campbell alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Campbell worked more than 40 hours in a workweek.

22. At all relevant times, Campbell was a covered employee within the meaning of the FLSA.

23. A written consent form for Campbell is attached as Exhibit A.

**Josh Bauman**

24. Josh Bauman is a resident of Utah.

25. Bauman was employed by Podium in Utah from approximately February 2022 through March 2022 as a Sales Development Representative.

26. Bauman alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Bauman worked more than 40 hours in a workweek.

27. At all relevant times, Bauman was a covered employee within the meaning of the FLSA.

28. A written consent form for Bauman is attached as Exhibit A.

**Shawn Pepper**

29. Shawn Pepper is a resident of Utah.

30. Pepper was employed by Podium in Utah from approximately February 2021 through February 2022 as a Sales Development Representative.

31. Pepper alleges Podium did not pay overtime wages for hours worked over 40 in a

workweek even though Pepper worked more than 40 hours in a workweek.

32. At all relevant times, Pepper was a covered employee within the meaning of the FLSA.

33. A written consent form for Pepper is attached as Exhibit A.

**Joe Cullar**

34. Joe Cullar is a resident of California.

35. Cullar was employed by Podium in California from approximately July 2022 through January 2023 as a Sales Development Representative.

36. Cullar alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Cullar worked more than 40 hours in a workweek.

37. At all relevant times, Cullar was a covered employee within the meaning of the FLSA.

38. A written consent form for Cullar is attached as Exhibit A.

**Jake Moss**

39. Jake Moss is a resident of Utah.

40. Moss was employed by Podium in Utah from approximately October 2020 through August 2021 as a Sales Development Representative.

41. Moss alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Moss worked more than 40 hours in a workweek.

42. At all relevant times, Moss was a covered employee within the meaning of the FLSA.

43. A written consent form for Moss is attached as Exhibit A.

**Madeline Cell**

44. Madeline Cell is a resident of California.

45. Cell was employed by Podium in California from approximately May 2022 through March 2023 as a Sales Development Representative.

46. Cell alleges Podium did not pay overtime wages for hours worked over 40 in a workweek even though Cell worked more than 40 hours in a workweek.

47. At all relevant times, Cell was a covered employee within the meaning of the FLSA.

48. A written consent form for Cell is attached as Exhibit A.

***Defendant Podium Corporation, Inc.***

49. Podium is a Lehi, Utah based company that is incorporated in Delaware and sells a cloud-based software.

50. Throughout the relevant period, Podium employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

51. Podium is a covered employer within the meaning of the FLSA.

52. Podium applied the same employment policies, practices, and procedures to all SDRs.

53. Upon information and belief, at all times relevant, Podium's annual gross volume of sales made or business done was not less than $500,000.

**Jurisdiction and Venue**

54. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

55. The Court has personal jurisdiction over Defendant because it does business in Utah in this District, and because many of the acts complained of and giving rise to the claims

alleged occurred in and originated from this District.

56. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

## Collective Action Allegations

57. Plaintiffs bring the First Cause of Action on behalf of themselves and all SDRs who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

58. Consistent with Defendant's practice, Plaintiffs and the members of the FLSA Collective allege they were not paid overtime compensation for hours worked above 40 hours in a workweek.

59. Plaintiffs allege that all of the work that Plaintiffs and the members of the FLSA Collective performed was assigned by Defendant, and/or Defendant was aware of the work that Plaintiffs and the FLSA Collective performed.

60. Plaintiffs allege that Defendant failed to pay SDRs, including Plaintiffs and the members of the FLSA Collective, overtime compensation for hours worked above 40 hours in a workweek.

61. Plaintiffs allege that Defendant should have paid Plaintiffs and the members of the FLSA Collective overtime compensation for hours worked above 40 hours in a workweek.

62. Plaintiffs allege that Defendant's conduct was repeated and consistent.

63. Plaintiffs allege that Defendant is liable under the FLSA for, *inter alia*, failing to compensate Plaintiffs and the members of the FLSA Collective for overtime hours worked. Upon information and belief, the FLSA Collective consists of similarly situated individuals who have not been paid by Defendant consistent with the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

64. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65. Plaintiffs allege that Defendant engaged in a practice of violating the FLSA, as described in this Collective Action Complaint.

66. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

67. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

69. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, apply to Defendant.

70. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and 207(a).

72. Plaintiffs allege that Defendant has failed to pay Plaintiffs and the FLSA

Collective overtime wages to which they are entitled under the FLSA.

73. Plaintiffs allege that Defendant's violations of the FLSA were willful, such that a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

74. Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

75. Plaintiffs allege that as a result of Defendant's acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations.

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Attorneys' fees and costs of the action;

E. A reasonable service award for the Named Plaintiffs to compensate them for the time spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so; and

F.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## Jury Demand

Plaintiffs demand a trial by jury.

Dated: March 15, 2024                                    Respectfully submitted,

/s/ April L. Hollingsworth
April Hollingsworth (Bar No. 9391)
Katie Panzer (Bar No. 16919)
**HOLLINGSWORTH LAW OFFICE**
1881 South 1100 East
Salt Lake City, Utah 84105
Tel: (801) 415-9909
Facsimile: (801) 303-7324
april@aprilhollingsworthlaw.com
katie@aprilhollingsworthlaw.com

Sally J. Abrahamson*
**WERMAN SALAS P.C.**
335 18th PL NE
Washington D.C. 20002
Tel: (202) 830-2016
Facsimile: (312) 419-1025
sabrahamson@flsalaw.com


Douglas M. Werman*
Maureen A. Salas*
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
Facsimile: (312) 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com


*Attorneys for Plaintiffs and others similarly situated*